BARNS, PAUL D., Associate Judge.
The trial court sustained the defendants’ motion to dismiss appellant’s amended complaint seeking specific performance and this appeal is from a final order of dismissal. We find error and reverse.
The complaint alleges that prior to July 1, 1951, the Cross County Truck Service, Inc. was in poor financial condition and was operating at a loss and that on or about that date the decedent, John M. Campbell, orally agreed that in return for plaintiff agreeing to and taking over the management and operation of Truck Service and “as a specific consideration for making it financially successful, he, the decedent, John M. Campbell, promised to give his capital stock in said corporation to the plaintiff E. S. Ballou.”
The complaint further alleges that “under and by virtue of said agreement, and with the knowledge and consent of said decedent, John M. Campbell, plaintiff entered upon the execution of his said agreement to manage and operate Cross County Truck Service, Inc., made it financially successful, and made valuable contributions thereto and improvements therein; and did substantially increase the value of said corporation.” It is further alleged that from the date of said agreement plaintiff operated and managed the corporation until the death of Campbell on March 18, 1964, and until April 10, 1964; that plaintiff filed claim for the stock standing in the name of Campbell in the estate proceedings and served the executors with a copy, to which claim the executors filed and served objections.
We construe the alleged contract to be a unilateral contract as distinguished from a bilateral contract. Restatement of Contracts, § 12 states:
“A unilateral contract is one in which no promisor receives a promise as consideration for his promise. A bilateral contract is one in which there are mutual promises between two parties to the contract; each party being both a promisor and a promisee.
“Comment:
“a. In a unilateral contract the exchange for the promise is something other than a promise; in a bilateral contract promises are exchanged for one another.
3|S 5^5
“c. A unilateral contract is in a very real sense, as its name implies, a one-sided contract. There are two parties to the contract, it is true, and a manifestation of assent on the part of each is usually necessary to its formation; but one of the requisites for making the contract should not be confused with the contract itself. The contract is merely the promise, not the mutual manifestation of assent or the consideration paid for the promise. In a bilateral contract, on the other hand, as there are contractual promises on *230 both sides, the contract is properly called bilateral.”
Do the allegations of the complaint show a consideration for Campbell’s promise? On what is a consideration for a promise Restatement of Contracts, § 75 states:
“Definition of Consideration.
“(1) Consideration for a promise is
“(a) an act other than a promise * * * bargained for and given in exchange for the promise.
“Comment:
“d. In unilateral contracts the consideration is something other than a promise. It may be a specified act or forbearance, or any one of several specified acts of forbearances of which the offeree is given the choice, or such conduct as will produce a specified result. * * * ”
The question of mutuality of remedy seems to have been put at rest since according to the allegations the plaintiff has fully performed. The case of Le Noir v. McDaniel, 80 Fla. 500, 86 So. 435, involved a suit for specific performance-of a bilateral contract for the purchase and sale of an interest in a mercantile business brought by a married woman after full performance on her part. In sustaining her complaint, the Supreme Court held:
“ * * * Having rendered the service she agreed to render, the contract was executed on her part, and the obligation of lack of mutuality does not obtain. When the contract was made equity would not have enforced it specifically because of the doctrine of mutuality, the contract required of the complainant services of a confidential and personal nature, and it may be equity would not have enforced it at the instance of the defendant. But the services having been rendered, the rule does not apply. See 25 R.C.L. p. 232. Even in cases where a contract containing mutual covenants is not enforceable as against one of the parties by reason of her coverture, and the party assuming to contract with her is not in equity obliged to perform such contract on his part, yet when the party under disability performs all her obligations under the agreement, equity may compel specific performance on the part of the other. * * * ”
It is our conclusion that the amended complaint states a cause of action and the order of dismissal is
Reversed.
SHANNON, Acting C. J., and LILES, J., concur.